IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

MARIO SAUCEDO-AVALOS,

      Defendant.

Case No. 14-cr-20071-02-JAR

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Mario Saucedo-Avalos' *pro* se Motion for Reduction in Sentence (Doc. 428), seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The motion is fully briefed, and the Court is prepared to rule. For the following reasons, the Court denies the motion.

**I.   Background**

On July 14, 2015, Defendant entered a guilty plea to one count of conspiracy to possess with intent to distribute more than 50 grams of methamphetamine.[1] On October 21, 2015, this Court sentenced Defendant to a term of 360 months' imprisonment followed by a five-year term of supervised release.[2]

Defendant is incarcerated at Hazelton FCI in West Virginia. The Bureau of Prisons ("BOP") reports that there are currently no inmates or staff members who have tested positive for COVID-19 at this facility.[3] However, the current operations plan at Hazelton is Level 3, and

---

[1] Doc. 177.

[2] Doc. 222.

[3] *COVID-19 Coronavirus*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus (last visited Sept. 21, 2022).

all visitation is currently suspended until further notice.[4]  Defendant is now fully vaccinated against COVID-19.  He is 47 years old, and his projected release date is March 29, 2040.[5]

On June 10, 2022, Defendant filed a *pro se* motion requesting compassionate release under 18 U.S.C. § 3582(c)(1)(A) on the basis that his medical conditions place him at an increased risk of severe illness from COVID-19.  Defendant asserts that he suffers from hypertension, obesity, hyperlipidemia, diabetes, vascular disease, sleep apnea, and is a former smoker.  He has no release plan.  He asks the Court to reduce his custodial sentence to time served, or a 24-month reduction at a minimum.

## II.     Legal Standard

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but th[at] rule of finality is subject to a few narrow exceptions."[6]  "One such exception is contained in [18 U.S.C.] § 3582(c)(1)."[7]  Section 3582(c)(1)(A), as amended by the First Step Act of 2018,[8] permits a court to reduce a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  Before reducing a term of imprisonment, a court must find that (1) "extraordinary and compelling reasons" warrant a sentence reduction, (2) such a reduction is consistent with "applicable policy statements issued

---

[4] *FCI Hazleton*, Fed. Bureau of Prisons, https://www.bop.gov/locations/institutions/haf/ (last visited Sept. 21, 2022).

[5] *Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Sept. 21, 2022).

[6] *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)).

[7] *Id.*

[8] Pub. L. No. 115-391, 132 Stat. 5194.

by the Sentencing Commission," and (3) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) support such a reduction.[9] The court may deny a § 3582(c)(1)(A) motion "when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do[es] not need to address the others."[10]

## III.   Discussion

### A.   Exhaustion

Section 3582(c)(1)(A)'s exhaustion requirement is a claim-processing rule that the government may waive or forfeit.[11] Here, the government does not contest that Defendant has met the exhaustion requirement. The Court thus considers this argument waived and proceeds to the merits.

### B.   Extraordinary and Compelling Reasons

Section 3582(c)(1)(A) requires a district court to find that "extraordinary and compelling reasons warrant a sentence reduction" before it may grant a § 3582(c)(1)(A) motion. The court has "the authority to determine for [itself] what constitutes 'extraordinary and compelling reasons.'"[12] While that authority "is bounded by the requirement . . . that a reduction in sentence be consistent with applicable policy statements issued by the Sentencing Commission," the Sentencing Commission has not yet issued a policy statement "applicable" to § 3582(c)(1)(A) motions filed by a defendant.[13] Thus, § 3582(c)(1)(A)'s consistency requirement does not

---

[9] 18 U.S.C. § 3582(c)(1)(A); *see United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

[10] *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021) (emphasis omitted) (quoting *McGee*, 992 F.3d at 1043).

[11] *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021).

[12] *Maumau*, 993 F.3d at 832.

[13] *Id.* at 832, 836–37.

currently constrain the court's discretion to consider whether extraordinary and compelling reasons warrant a sentence reduction.[14]

Defendant asserts that he has established an extraordinary and compelling reason for a sentence reduction because his health conditions and obesity increase his risk for severe illness should he contract COVID-19 in prison. Defendant's medical records confirm that he suffers from hypertension, obesity, hyperlipidemia, diabetes, and vascular disease.[15] The Centers for Disease Control and Prevention ("CDC") has identified diabetes, obesity, hypertension, and status as a former smoker as underlying medical conditions that "can make you more likely to get very sick from COVID-19."[16]

The Court finds, however, that Defendant's vaccination status mitigates his risk such that his medical conditions do not present an extraordinary and compelling reason for a sentence reduction. His medical records indicate that he received his third dose of the Moderna COVID-19 vaccine on December 21, 2021.[17] The CDC has explained that mRNA COVID-19 vaccines "reduce the risk of COVID-19, including the risk of severe illness and death among people who are fully vaccinated."[18] The information available to the Court shows that Defendant is inoculated with a vaccination that is highly effective at preventing severe cases of COVID-19. The Tenth Circuit recently held in an unpublished opinion that "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—

---

[14] *Id.* at 837.

[15] Doc. 432.

[16] *See People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Sept. 2, 2022).

[17] Doc. 433 at 9.

[18] *COVID-19 Vaccines Work*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last updated June 28, 2022).

does not present an 'extraordinary and compelling reason' warranting a sentence reduction."[19] And several district courts in the Tenth Circuit, including the District of Kansas, have followed this direction from the Circuit.[20]

Furthermore, the CDC has identified those over the age of 65 as a population at an increased risk of getting severely sick if infected with COVID-19.[21]  At only 47 years old, Defendant is in an age group with a relatively lower risk of severe illness and death from COVID-19 than that faced by older adults.[22]  The CDC does not identify any gender as being at a higher risk of severe illness if infected with COVID-19.[23]

Given Defendant's vaccination status and the recent direction from the Tenth Circuit, the Court concludes that his medical conditions and the possibility of a COVID-19 infection do not amount to extraordinary and compelling reasons for a sentence reduction under § 3582(c)(1)(A). Accordingly, the Court denies Defendant's motion on grounds that he fails to establish extraordinary and compelling reasons for compassionate release.

### C.     Section 3553(a) Factors

Even if Defendant had presented an extraordinary and compelling reason for compassionate release, the factors set forth in § 3553(a) do not warrant a reduction in

---

[19] *United States v. McRae*, No. 21-4092, 2022 WL 803978, at *2 (10th Cir. Mar. 17, 2022) (quoting *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021)); *see also United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer relief far more effective than a judicial order.").

[20] *See United States v. Middleton,* No. 15-40018-02-DDC, 2022 WL 2918148, at *3 (D. Kan. July 25, 2022) (collecting cases).

[21] *See People with Certain Medical Conditions*, *supra* note 16.

[22] *See Risk for COVID-19 Infection, Hospitalization, and Death By Age Group*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/covid-data/investigations-discovery/hospitalization-death-by-age.html (last updated Sept. 16, 2022); *see also, e.g.*, *United States v. Mena*, No. 16-850-ER, 2021 WL 2562442, at *2–*3 (S.D.N.Y. June 23, 2021) (finding no extraordinary and compelling reasons for release under § 3582(c)(1)(A) based on the defendant being a former smoker because she was only 28 years old, there were only three confirmed positive cases among inmates at her facility, and she was fully vaccinated against COVID-19).

[23] *Id.*

Defendant's sentence.[24] Those factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; (3) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct"; (4) "the need for the sentence imposed . . . to protect the public from further crimes of the defendant"; and (5) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."[25] The Court considers the § 3553(a) factors in light of post-sentencing developments.[26]

While the Court takes all seven § 3553 factors into account, those most pertinent to Defendant's case are the nature and circumstances of the offense and the history and characteristics of the defendant, and the need for the sentence imposed to reflect the seriousness of the offense, the need to provide adequate deterrence, and the need to protect the public from further crimes. In consideration of these factors, the Court concludes that releasing Defendant now would not leave him with a sentence that is "sufficient, but not greater than necessary."

---

[24] *See United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021) ("[Section] 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, [a sentence] reduction . . . is warranted in whole or in part under the particular circumstances of the case." (second and third alterations in original) (quoting *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020))).

[25] 18 U.S.C. § 3553(a).

[26] *See United States v. Kibble*, 992 F.3d 326, 335 (4th Cir. 2021) (per curiam) (Gregory, C.J., concurring) ("[A] district court may [not] fulfill its duty to reconsider the § 3553(a) factors by merely recounting the considerations that supported the original sentence. Section 3582(c)(1) necessarily envisions that the § 3553(a) factors may balance differently upon a motion for compassionate release than they did at the initial sentencing."); *cf. Pepper v. United States*, 562 U.S. 476, 491 (2011) (stating that evidence of post-sentencing conduct "may be highly relevant" under § 3553(a)); *Concepcion v. United States*, 142 S. Ct. 2389, 2396 (2022) ("[A] district court adjudicating a motion under the First Step Act may consider other intervening changes of law (such as changes to the Sentencing Guidelines) or changes of fact (such as behavior in prison) in adjudicating a First Step Act motion.").

Based on his projected release date of March 29, 2040, Defendant has over one-half of his 360-month term of imprisonment left to serve. While the Court recognizes the hardship that the COVID-19 pandemic has imposed on inmates, particularly those with underlying medical conditions, releasing Defendant at this relatively early stage would not reflect the seriousness of his offense, promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public. Indeed, Defendant's crimes were serious: he was convicted of conspiracy to possess with intent to distribute more than 50 grams of methamphetamine. The investigation disclosed that he was an integral member of a large-scale drug trafficking organization.[27] He helped coordinate the initial meeting with the confidential source and negotiated the prices for one pound of methamphetamine and a kilogram of cocaine.[28] It was determined that Defendant was a pound to kilogram supplier and that he paid individuals to send money to his suppliers in California and Mexico.[29] Defendant was ultimately held accountable for 7.09 kilograms of ice methamphetamine.[30] At the time of his arrest, agents recovered two firearms leading to a two-level enhancement.[31] Moreover, Defendant has not shown that the sentence originally imposed by this Court is no longer sound under § 3553(a), and fails to provide a release plan, weighing against his release.[32]

Reducing Defendant's sentence to time served would not reflect the seriousness of his criminal conduct or his criminal history. Nor would it provide adequate deterrence or

---

[27] Doc. 217 ¶ 9.

[28] *Id.* ¶ 10.

[29] *Id.* ¶ 34.

[30] *Id.* ¶ 45.

[31] *Id.* ¶ 46.

[32] *See United States v. Allison*, No. CR16-5207RBL, 2020 WL 3077150, at *4 (W.D. Wash. June 10, 2020) ("Shortening a defendant's sentence where there is no adequate release plan offers no benefit to the health of the inmate and in the process likely further endangers the community into which the defendant is release[d].").

appropriate punishment.  The Court finds that the 360-month sentence originally imposed remains sufficient, but not greater than necessary, to meet the sentencing factors in § 3553(a) and punish the offense involved.  Accordingly, the Court denies Defendant's motion because he fails to show extraordinary and compelling reasons warranting a sentence reduction, and the § 3553(a) factors do not support one either.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Defendant Mario Saucedo-Avalos' Motion for Reduction in Sentence (Doc. 428) is **denied**.

**IT IS SO ORDERED.**

Dated: September 21, 2022

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE
